UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

PORTLAND DIVISION

PK TANASBOURNE VILLAGE, LP,

                Plaintiff,         Civil No. 3:09-cv-1429-HA

                                       OPINION AND ORDER

OREGON GOLF, INC., MARK
McDONALD, AND CHARLES F. TRAUTMAN.

                Defendants.

HAGGERTY, District Judge:

    Plaintiff PK Tanasbourne Village, LP, brings a Complaint against defendant Charles F. Trautman ("Trautman") asserting a claim of action on a guarantee. Plaintiff moves for Summary Judgment [11]. For the following reasons, plaintiff's Motion is denied.

**FACTUAL BACKGROUND**

1 - OPINION AND ORDER

The following factual summary is stated in a light favorable to defendant, the non-moving party. Additional facts will be addressed as necessary in analyzing plaintiff's Motion.

On June 4, 1996, Tanasbourne Limited Partnership and Charles F. Trautman, Inc. entered into a lease agreement (the "Lease") for commercial space in the Tanasbourne Village Shopping Center, located at 2065 NW 185th Ave., Hillsboro, OR (the "Premises"). The Lease conveyed a leasehold interest in the Premises to the Trautman Company ("Company") from October 1, 1996 until September 30, 2001. The Lease states that the Company is the guarantor. Trautman signed the lease in his capacity as president of the Company. Plaintiff alleges Trautman signed the Lease as a personal guarantor.

On September 7, 2001, plaintiff and the Company entered into a "First Amendment of Lease" (the "2001 Amendment") that allowed the Company to occupy and continue its retail business on the Premises until September 30, 2006. The 2001 Amendment was executed by Trautman on behalf of the Company. Trautman also signed an "Agreement of Guarantor" on the last page of the document which states:

> I the undersigned, acknowledge that I have entered into a written unconditional Guaranty ("the Guaranty") of the Lease which shall continue so long as such release remains in full force and effect.

On May 14, 2004, Trautman, Pan Pacific Retail Properties, Inc., and Oregon Golf, Inc. entered into a "Second Amendment to Lease and Assignment of Lease" (the "2004 Amendment"). Trautman signed an "Agreement of Guarantor" in the 2004 Amendment. Before agreeing to execute the 2004 Amendment, Trautman interlineated the guaranty by adding the words "through 9/30/06." He then dated the statement "5/12/04" and signed it.

## STANDARDS

2 - OPINION AND ORDER

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. Fed. R. Civ. P. 56(c).

A non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Such an issue of fact is only a genuine issue if it can reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250-51. This burden to demonstrate a genuine issue of fact increases where the factual context makes the non-moving party's claim implausible. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude invoking summary judgment. *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). In other words, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (footnote omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## DISCUSSION

3 - OPINION AND ORDER

Plaintiff filed a Complaint alleging that Trautman signed a guarantee of the 1996 Lease and breached his obligation to ensure defendant Oregon Golf, Inc. performed under the Lease. Plaintiff alleges that as a result of this guarantee, Trautman is indebted to plaintiff for damages and attorney's fees. Trautman asserts that: the guarantor of the Lease was the Company not Trautman; that under the Amendments, as interlineated by defendant, Trautman's obligations ended September 30, 2006; and that under the Lease, plaintiff lacks standing to bring this suit.

**The Lease**

The identity of the guarantor of the Lease is disputed in this case. When interpreting a contract provision, the court must first look at the language of the document itself. *Yogman v. Parrott*, 937 P.2d 1019, 1021 (Or. 1997). If the language is unambiguous, the analysis stops and the court construes the contract as a matter of law. *Id*. (citation omitted). If a term is ambiguous, the court proceeds to review extrinsic evidence of the intent of the parties. *Id*. at 1022 (citation omitted). Finally, if the provision remains ambiguous, the court may rely on appropriate maxims of construction to determine the meaning of the provision. *Id.*

Plaintiff asserts that Trautman signed the Lease as Guarantor in his personal capacity. The Lease includes three signature lines under the word "Guarantor": the first line names "Charles F. Trautman, Inc., an Oregon Corporation", the second line contains the signature of Trautman and the hand-written word "president," the third line is blank. Plaintiff contends this unequivocally binds both the Company and Trautman as guarantor. However, the guarantor listed on page F-1 of the Lease is the Company, not Trautman. Additionally, pages one through three of the Lease state that "Charles F. Trautman, Inc., an Oregon Corp." is the guarantor. Plaintiff argues that the Company was the tenant in the Lease and therefore cannot be the sole guarantor. The Court finds

4 - OPINION AND ORDER

that this argument is unavailing as there is ambiguity surrounding the identity of the guarantor. The argument does not clarify the intent of the parties as to the guarantor of the lease.

Plaintiff also contends that the signature of the Company secretary and the corporate seal are required if the guarantor is a corporation and these are missing from the Lease. Hence, Trautman must have signed in his personal capacity.

The Lease states:

> If Guarantor is a corporation, the authorized officers must sign on behalf of the corporation. The guarantee of the Lease must be executed by the president or vice-president and the secretary or assistant secretary, unless the Bylaws or a resolution of the Board of Directors shall otherwise provide, in which event the Bylaws or a certified copy of the resolution, as the case may be, must be furnished. Also, the appropriate corporate seal must be affixed.

The Court finds this requirement is unambiguous. As such, the court interprets the requirement as a matter of law, without reference to extrinsic evidence or the intent of the parties. *Yogman*, 937 P.2d at 1021. While the requirements for a corporate guarantor may have been omitted in error, pursuant to the four corners of the Lease, the court is compelled to find that defendant was the personal guarantor of the Lease. However, this does not resolve the factual dispute regarding defendant's liability.

**The 2004 Amendment**

Plaintiff contends defendant Trautman's personal guarantee remained valid beyond September 30, 2006 and was in effect at the time the Lease was breached in 2009. Plaintiff cites the "Agreement of Guarantor" in the 2004 Amendment which states:

> I the undersigned, acknowledge that I have entered into a written unconditional Guaranty ("the Guaranty") of the Lease that shall continue so long as such Lease remains in full force and effect.

The 2004 Amendment extended the Lease term allowing Oregon Golf, Inc. to occupy the

5 - OPINION AND ORDER

Premises until September 30, 2010.  The "Agreement of Guarantor" was signed by defendant, however he interlineated "through 9/30/06" at the end of the statement.  The interlineated 2004 Amendment bears the signatures of both the president and executive vice president of Pan Pacific Retail Properties, Inc.  This interlineation precludes summary judgment in plaintiff's favor.

**Plaintiff's Standing**

Defendant contends that Plaintiff has pled insufficient facts to establish standing to sue under the subject Lease.  The suit was brought in the name of PK II Tanasbourne Village, LP, a "foreign limited partnership registered and doing business in Oregon."  The Lease is between Tanasbourne Limited Partnership and the Company.  Plaintiff does not explain the privity between plaintiff and Tanasbourne Limited Partnership.  Plaintiff also fails to explain the privity between plaintiff and Pan Pacific Retail Properties, Inc., a Maryland corporation and the landlord in the 2001 Amendment.  Plaintiff states that it has standing as the successor in interest to the property previously owned by Pan Pacific and as the landlord of the location that Oregon Golf leased and defendant leased.  Plaintiff's lack of standing provides independent grounds for the denial of their motion for summary judgment and would warrant the dismissal of this case should plaintiff fail to amend the Complaint and plead facts demonstrating that they are a successor in interest to the assignees of the lease.

/ / / /

/ / / /

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Summary Judgment [11] is DENIED.

6 - OPINION AND ORDER

IT IS SO ORDERED.

DATED this  28  day of July 2010.

    /s/   ANCER L. HAGGERTY
ANCER L. HAGGERTY
United States District Judge

7 - OPINION AND ORDER